UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Jacqueline Harris,

    Plaintiff,

v.

NovaStar Mortgage, Inc., and
Best Rate Funding, Corporation

    Defendants.

05-12401 JLT

COMPLAINT

RECEIPT #_____
AMOUNT $250
SUMMONS ISSUED Y
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 11/30/05

## INTRODUCTION

1. Plaintiff, Jacqueline Harris, ("Ms. Harris") owns and resides in a two family home that she purchased 22 years ago. During a recent refinance transaction with Best Rate Funding Corporation, ("Best Rate"), Best Rate deprived Ms. Harris of her rights under the federal Truth In Lending Act, 15 U.S.C. §1601, *et seq.*, Regulation Z §226.23, the Massachusetts Consumer Credit Cost Disclosures Act, M.G.L. c. 140 §1, *et seq.*, and the Code of Massachusetts Regulations, 209 CMR §32.23, to receive proper disclosure of the three-day rescission period during which she could cancel the transaction, by failing to fill in the date of the transaction and the expiration date for the rescission period on her copies of the Notice of Right to Cancel. By this action, Ms. Harris seeks to exercise her extended right to rescind the refinance transaction as well as to obtain actual and statutory damages and injunctive and declaratory relief for Best Rate and NovaStar's violations of these laws.

## JURISDICTION AND VENUE

2. Jurisdiction arises under 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331, 1337(a). This Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. §2201.

## PARTIES

3. Plaintiff, Jacqueline Harris, ("Ms. Harris"), is an individual who owns and resides in her home located at 16 Harwood Street, Dorchester, Massachusetts 02124.

4. Defendant, Best Rate Funding, Corporation ("Best Rate") is a California corporation whose principal place of business is located at 2 MacCarthur Place, Suite 800 Santa Ana, CA 92707.

5. Best Rate does business in Massachusetts and is licensed with the Massachusetts Division of Banks as a mortgage lender.

6. Best Rate's business includes making and refinancing consumer loans secured by residential property.

7. Defendant, NovaStar Mortgage, Inc. ("NovaStar") is a Missouri corporation whose principal place of business is located at 8140 Ward Parkway, Kansas City, MO, 64184.

8. NovaStar is qualified to do business and does business as a foreign corporation in Massachusetts.

9. NovaStar's business includes making, refinancing and servicing consumer loans secured by residential property.

10. At all times relevant to this complaint, Best Rate regularly extended consumer credit which is payable by agreement in more than four installments or for which a finance charge is imposed.

11. At all times relevant to this complaint, NovaStar was the assignee of Best Rate with respect to the mortgage at issue in this case.

## FACTUAL ALLEGATIONS

12.     Ms. Harris is an unsophisticated consumer with little experience in mortgage financing. She owns a home located at 16 Harwood Street, Dorchester, Massachusetts 02124. The Dorchester residence has a current fair market value of approximately four hundred and fifty thousand dollars ($450,000.00).

13.     She purchased her home in 1983 for thirty two thousand, five hundred dollars ($32,500.00) and has lived in it since then with her daughter whom she supports.

14.     Ms. Harris contacted Best Rate in or about July 2004 to refinance her then existing loan with PCFS Mortgage.

15.     On or about September 7, 2004, Best Rate provided Ms. Harris with a Good Faith Estimate, which provided for interest rate of 6.700%, as well as a Truth in Lending Disclosure Statement, which provided for an annual percentage rate of 7.008%. Ms. Harris believed that these loan terms were favorable to her.

16.     Approximately one week before the closing date, Frank Acosta, a representative from Best Rate, contacted Ms. Harris to inform her that the interest rate on the loan was not 6.700%, but rather 7.750%.

17.     Although the closing documents indicate that the closing took place on September 25, 2004, which was a Saturday, Ms. Harris believes and therefore avers that the closing took on Friday, September 24, 2004, and specifically recalls that she was advised to date the closing documents September 25, 2004. In some instances, Ms. Harris forgot these instructions and dated the documents September 24, 2004.

18.     The closing took place in Boston and was scheduled at the end of the business day. Ms. Harris felt rushed, and was not given an opportunity to review the documents. Best

3

Rate's closing agent did not apprise her of her right to cancel the transaction within a three-day period.

19. At the time of the transaction, Ms. Harris was given blank copies of the Notice of Right to Cancel, which omitted both the date of the transaction as well as the date that the rescission period expired. Regulation Z §226.23(b)(1), 209 CMR §32.23(2)(a).

20. True and correct copies of the Notices of Right to Cancel are attached hereto as Exhibit A.

21. On the day of closing Best Rate assigned the loan to NovaStar for servicing.

22. To date, neither Best Rate nor NovaStar has provided Ms. Harris with the proper notice of her right to rescind. 15 U.S.C. §1635(a), Regulation Z, §226.23(b)(1), M.G.L. c. 140D §10, 209 C.M.R. §32.23(2).

23. Ms. Harris has an extended right to rescind the transaction because Best Rate failed to provide her with the required Notice of Right to Cancel. Regulation Z §226.23(a)(3) and 209 CMR §32.23(1)(c).

24. On or about September 22, 2005, Ms. Harris exercised her extended right to rescind the refinance transaction by sending a rescission notice by certified mail to NovaStar, as well as to attorney Brian T. LaManna of Ablitt & Charlton, P.C., who NovaStar retained to foreclose on the mortgage.

25. A true and correct copy of Ms. Harris' rescission notice is attached hereto as Exhibit B.

26. The certified mail receipt shows that NovaStar received Ms. Harris' rescission notice on September 23, 2005.

27. A true and correct copy of the certified mail receipt from NovaStar is attached hereto as Exhibit C.

28. The certified mail receipt shows that attorney Brian T. LaManna received Ms. Harris' rescission notice on September 26, 2005.

29. A true and correct copy of the certified mail receipt from LaManna is attached hereto as Exhibit D.

30. As of the date of filing this complaint, more than 20 days after receiving Ms. Harris' rescission notice, neither Best Rate nor NovaStar has taken any action necessary to terminate the security interest created under the refinance transaction, as required by 15 U.S.C. §1635(b), Regulation Z §226.23(d)(2), the CCCDA, M.G.L. c. 140D, §10(b) and 209 CMR §32.23(4)(b).

31. As of the date of filing this complaint, more than 20 days after receiving Ms. Harris' rescission notice, neither Best Rate nor NovaStar has returned any of the money Ms. Harris paid in connection with the refinance transaction, as required by 15 U.S.C. §1635(b), Regulation Z §226.23(d)(2), the CCCDA, M.G.L. c. 140D, §10(b) and 209 CMR §32.23(4)(b).

32. On or about November 10, 2005, counsel for NovaStar, Brian T. LaManna, sent Ms. Harris a letter in response to her rescission notice, in which he stated that NovaStar affirmatively denies all claims raised in Ms. Harris' rescission notice.

33. Ms. Harris is thus entitled to actual and statutory damages under the federal Truth In Lending Act, 15 U.S.C. §1601 *et seq.*, Regulation Z, §226.23, the Massachusetts Consumer Credit Cost Disclosure Act, M.G.L. c. 140D §1, *et seq.*, and the Code of Massachusetts Regulations, 209 CMR §32.23.

34. Ms. Harris is also entitled to a declaration that she effectuated her rescission pursuant to 15 U.S.C. §1635(a), Regulation Z §226.23(a)(2), M.G.L. c. 140D §10(a) and 209 CMR §32.23(1)(c).

## CAUSES OF ACTION

### Count I: Violations of federal Truth In Lending Act, 15 U.S.C. §1601 *et seq.*, Regulation Z, §226.23, the Massachusetts Consumer Credit Cost Disclosure Act, M.G.L. c. 140D §1, *et seq.*, and the Code of Massachusetts Regulations, 209 CMR §32.23

35. Ms. Harris repeats and realleges all paragraphs above as if set forth fully herein.

36. At all times relevant to this complaint, Best Rate was a creditor within the meaning of the TILA, 15 U.S.C. §1602 and/or the CCCDA, M.G.L. c. 140D, §1.

37. At all times relevant to this complaint, NovaStar was the assignee of Best Rate, and is therefore responsible for effectuating the rescission of the loan pursuant to 15 U.S.C. §1641(d) and M.G.L. c. 140D §33(d).

38. Because the refinance transaction described herein is covered by the TILA and/or the CCCDA, and their implementing regulations, Best Rate was required to provide Ms. Harris with disclosure of the time period in which she had to rescind the transaction. 15 U.S.C. §1635(a), Regulation Z, §226.23(b)(1), M.G.L. c. 140D §10, 209 C.M.R. §32.23(2).

39. To satisfy the right of rescission disclosure requirements of the TILA and/or the CCCDA, and their implementing regulations, the creditor must provide the borrower with two copies of the Notice of Right to Cancel, which identify the transaction by providing the date of the transaction or otherwise, and the date on which the three-business day rescission period expires. Regulation Z §226.23(b)(1)(v), 209 CMR §32.23(2)(a).

40. The Notices of Right to Cancel that Best Rate provided to Ms. Harris omitted the date of the transaction or any other identifying information regarding the transaction, as well as the date on which the rescission period expired.

41. By providing Ms. Harris with Notices of Right to cancel without filling in the date of the transaction or the date on which her right to rescind the transaction expired, Best Rate failed to inform Ms. Harris about her rights to rescind the transaction; specifically, Best Rate failed to disclose the time within which Ms. Harris could cancel the transaction.

42. The incomplete disclosures are apparent on the face of the Notices of Right to Cancel, and thus subject NovaStar to liability under 15 U.S.C. §1641(a), M.G.L. c. 140D §33(a).

43. Ms. Harris is therefore entitled to rescind the refinance transaction and to statutory and actual damages pursuant to 15 U.S.C. §1640(a) and M.G.L. c. 140D, §32(a).

**Count II: Declaratory and Injunctive Relief to Enforce Rescission and Enjoin Foreclosure**

44. Ms. Harris repeats and realleges all paragraphs above as if set forth fully herein.

45. Ms. Harris is entitled to a declaratory judgment that she is entitled to an extended right to rescind the refinance transaction, pursuant to Regulation Z §226.23(a)(3) and 209 CMR §32.23(1)(c).

46. Under Regulation Z §226.23(a)(3), Ms. Harris has three years from the date of consummation of the transaction in which to exercise her extended right to rescind.

47. Under 209 CMR 32.32(1)(c), Ms. Harris has four years from the date of consummation of the transaction in which to exercise her extended right to rescind.

48. Because Ms. Harris had the right to rescind the refinance transaction, she could exercise that right as against any assignee of the obligation. 15 U.S.C. §1641(c), M.G.L. c. 140D §33(c).

7

49. Ms. Harris is therefore entitled to a declaratory judgment that she properly exercised her extended right to rescind the transaction by sending a rescission notice by certified mail to NovaStar as Best Rate's assignee, on September 22, 2005, approximately one year after the date of consummation of the transaction.

50. By properly exercising her extended right to rescind, Ms. Harris is entitled to a declaratory judgment that Best Rate and/or NovaStar's security interest in her home is void, that she has no liability to pay any finance charge, and that she is entitled to the return of money she paid in connection with the refinance transaction.

51. Because Ms. Harris rescinded the transaction, neither Best Rate nor NovaStar possess a security interest in her home, and should therefore be enjoined from continuing any foreclosure proceedings.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Harris respectfully prays for the following relief:

a) Statutory damages in the amount of $4,000.00 as provided under 15 U.S.C. §1640(a); and in the amount of $4,000.00 as provided under M.G.L. c. 140D, §32(a)(2);

b) Actual damages in an amount to be established at trial;

c) Declaratory judgment that Ms. Harris is entitled to an extended right rescind which she properly exercised, and that the security interest in Ms. Harris' home is thus void;

d) Enforcement of Ms. Harris' rescission of the refinance transaction;

e) An order that Best Rate and/or NovaStar take all action necessary to terminate any security interest in Ms. Harris' property created under the refinance transaction;

f)  An order that Best Rate and/or NovaStar return to Ms. Harris all money she paid in connection with the refinance transaction;

g)  An order that Ms. Harris has no duty to tender due to Best Rate and NovaStar's failure to respond to her notice of rescission, but in the alternative, if tender is required, an order that Best Rate and NovaStar accept tender on reasonable terms and over a reasonable period of time;

h)  Injunctive relief, enjoining Best Rate and/or Novastar from continuing foreclosure proceedings on Ms. Harris' property;

i)  An award of reasonable attorney's fee and costs as provided under 15 U.S.C. §1640(a)(3) and M.G.L. c. 140D, §32(a)(3), and

j)  Such other relief at law or equity as this Court may deem just and proper.

Respectfully submitted,
Jacqueline Harris,

By her attorneys

Shennan Kavanagh (BBO #655174)
Gary Klein (BBO #560769)
Roddy Klein & Ryan
727 Atlantic Avenue, 2nd Floor
Boston, MA 02111
p. 617.357.5500 ext. 12
f. 617.357.5030
kavanagh@roddykleinryan.com

## JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Shennan Kavanagh

9